968 F.2d 1218
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Willie LEWIS, Plaintiff/Appellant,
v.
Michael O'LEARY, Defendant/Appellee.
 No. 90-3715.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1992.*
Decided July 21, 1992.
 
 Before CUDAHY and COFFEY, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Willie Lewis is a prisoner at Stateville Correctional Center, where he has served 14 years of a life sentence for murdering a police officer. In 1987, pursuant to Illinois Department of Corrections' Administrative Directive 05.06.107A, Lewis was classified as a high escape risk. Because of this classification Lewis cannot be transferred to a lower-security prison, and cannot hold certain jobs in the prison. Lewis believes that the due process clause entitled him to a hearing before this classification was made and before his job was taken away because of the classification. Accordingly, Lewis filed suit under 42 U.S.C. § 1983 seeking damages and injunctive relief.
 
 
 2
 Lewis's made two claims in his complaint before the district court, 1) that he was entitled to a hearing before losing his prison job, and 2) that he had a right to a hearing before having his risk classification changed. The court granted the government's motion to dismiss the first claim, and denied the same as to the second claim. The court appointed counsel for Lewis. The government moved for summary judgment on the remaining claim, arguing that Lewis did not have a protected liberty interest in his escape-risk classification. The court held that the Administrative Directive was not mandatory and therefore did not bind the discretion of the prison administrators. The court granted the motion for summary judgment because the Administrative Directive did "not create a liberty interest on behalf of the inmate[ ] ... in a particular escape risk classification."
 
 
 3
 The Constitution does not give Lewis a right to a certain security classification. Moody v. Daggett, 429 U.S. 78, 88 & n. 9 (1976). But if a state elects to recognize such a right (i.e. liberty from onerous classifications), then Lewis has "a right he can enforce under the due process clause of the Fourteenth Amendment." Smith v. Shettle, 946 F.2d 1250, 1252 (7th Cir.1991); Hewitt v. Helms, 459 U.S. 460, 470-72 (1983). If Illinois' Administrative Directive in this case created a liberty interest by setting forth binding, exhaustive, and definite criteria as to how Lewis was to be classified, then Lewis had a due process right to have a hearing before he was classified. Shettle, 946 F.2d at 1252. On the other hand, if the directive did not bind the actions of the prison administrators--if it was, rather, just a guide to prison staff on how best to accomplish consistent decision making--then the state did not create the liberty interest Lewis claims and he has no due process right to a hearing before being classified. Miller v. Henman, 804 F.2d 421, 427 (7th Cir.1986). We must decide which of these descriptions best fits the Administrative Directive that led to Lewis's escape-risk classification.
 
 
 4
 Administrative Directive 05.06.107A is a guideline for the exercise of discretion by prison administrators; it does not create a liberty interest requiring due process safeguards. The Illinois Department of Corrections, which promulgated the Administrative Directive in question, defines an administrative directive as "an Internal management policy and procedure adopted by the Department." Furthermore, "[w]hen the policy manual can vanish with a wave of the administrator's wand, or when the administrator is free to disregard his own words, the prisoner has nothing of substance and therefore neither liberty or property." Miller, 804 F.2d at 425. That is the case here. The Director of the Department of Corrections unilaterally can rescind an administrative directive and may authorize variances on request. The directives are not binding. Accordingly, the judgment of the district court is
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record